interested, who have appeared, manifest their consent thereto by a writing filed in the surrogate's office.   (2) Where it appears that a sale thereof, for the purpose of payment, or distribution, would cause a loss to the parties entitled thereto.   The value must be ascertained, if the consent does not fix it, by an appraisement under oath, made by one or more persons appointed by the surrogate for the purpose.".

This section of the Code is, by section 2811, made applicable to the judicial settlement of the accounts of testamentary trustees.   The executor or administrator is required by due course of administration to reduce the assets to cash ready for distribution upon the judicial settlement of his accounts, except for some cause shown, in which case section 2744 becomes applicable.   The procedure to compel the delivery of property by a testamentary trustee to a person entitled thereto by the terms of a will, is regulated by sections 2804–2806 of the Code.   The statute does not ·make any provision whatever for a partial distribution of the assets of an estate by a testamentary trustee upon the judicial settlement of his accounts.   There is no provision of the statute which permits a Surrogate's Court, as provided by the order, to fix the value of property for the purpose of distribution.   The assets of the trust should remain in the custody of the trustee until the final decree, when the proper procedure may be had as to the distribution of any specific property remaining in his hands belonging to the trust.

The order should be reversed.

Order reversed, with $10 costs and disbursements to the appellant. All concur.

---

(110 App. Div. 528.)

### In re TRUST & DEPOSIT CO. OF ONONDAGA.

### In re SMITH'S WILL.

(Supreme Court, Appellate Division, Fourth Department.   January 17, 1906.)

1. WILLS—LAPSE OF LEGACIES.

Testator bequeathed stock in trust, the income to be paid his wife for life, devised to her for life a house, provided that such properties were to form his "final residuary estate," made bequests to his brothers C. and A., providing that, if either died before testator leaving children, the legacy should not lapse, but all property "given by this instrument" to the brother should go to his children, gave the remainder of the estate, except the final residuary estate, to the two brothers and others, gave the final residuary estate, one-sixth to each of the two brothers and others; by a codicil revoked the fourth clause of the will devising a house to his wife for life, and providing that that and the stock should constitute his final residuary estate, but devised to her a life estate in the house, describing a little less land, and bequeathed to her $1,000, and provided that the property hereinbefore mentioned, except the $1,000, should constitute his residuary estate, and in all other respects "I hereby ratify and confirm my said will"; and by a second codicil provided that, whereas he had sold some of the stocks owned by him when he made the will, and had purchased others in their place, he revoked the third paragraph of his will, and instead thereof bequeathed certain stock in trust for his wife for life, and further provided that the property mentioned in the fourth paragraph of the will and the property hereinbefore mentioned should constitute his final residuary estate, and be disposed of according to the terms of the will.   *Held*, that the legacies

to the brothers of a share in the final residuary estate, as modified by the codicils, did not lapse by the death of the brothers before that of testator.

2. ESTOPPEL—CHANGE OF POSITION.

The children of a legatee are not estopped to move to open their default and to modify the decree of distribution, so far as it held that one of the legacies to their father, an interest in the final residuary estate, lapsed by his death before that of testator, though the children, on delivery to them of property distributed under the decree, signed a receipt in terms ratifying and assenting to the proceedings already had; such form of receipt having been asked to enable the executor to make distribution before lapse of time for appeal, but such final residuary estate not having been in fact distributed when the motion to open the default was made.

Appeal from Surrogate's Court, Onondaga County.

In the matter of the judicial settlement of the account of the Trust & Deposit Company of Onondaga, as executor of William H. H. Smith. From a decree adjudging that legacies to Charles R. Smith and Albert G. Smith, brothers of testator, who died in his lifetime, lapsed, the children of said legatees appeal. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

A. C. Phillips, for appellants Louis Cass Smith and others.

Edgar F. Brown, for appellants Rosetta L. Douglas and others.

L. B. Williams, for respondent Trust & Deposit Co.

P. J. Tierney, for respondent special guardian.

NASH, J. By the third clause of the will the testator bequeathed in trust, certain shares of railroad stocks, and directed that the dividends declared thereon by the corporations be made payable to his wife, as long as she lived. By the fourth clause of the will the testator devised to his wife for and during her natural life the use of his house and lot in the city of Syracuse. In this fourth clause it is provided that:

"The property mentioned in the third and fourth clauses of this will, is to form and be considered my final residuary estate.

"Fifth. I give and bequeath unto my brother, Charles V. Smith of East End, Cuyahoga county, Ohio, the sum of two thousand dollars. In case my said brother shall die in my lifetime, leaving a child, children or descendents him surviving, such legacy shall not lapse, and all property given, devised or bequeathed by this instrument, to my said brother, shall go and be paid to his child, children and descendents in the proportion his, her or their parents would take the same, if living, and I give, devise and bequeath the same accordingly."

By the eighth clause of the will the testator bequeathed to his brother, Albert G. Smith, of New Lisbon, Ohio, $2,000, and made the same provision against lapse, as in the legacy to his brother Charles.

"Twenty-eighth. All of the rest, residue and remainder of my estate, except my final residuary estate, mentioned in the third and fourth clauses of this will, the use of which is given to my wife for life, I give, devise and dispose of as follows, to wit": two-sevenths thereof each, to the brothers Charles R. and Albert G. Smith.

"Twenty-ninth. My final residuary estate, mentioned in the third and fourth clauses of this instrument, being the part of my estate of which my wife is

to have the use during the term of her natural life, I give, devise, bequeath and dispose of as follows, to wit": one-sixth thereof each, to the brothers Charles and Albert.

By a codicil to his will, the testator revoked the fourth clause thereof, but devised a life estate in his house and lot to his wife, describing a little less land, and bequeathed to her a legacy of $1,000. and in this codicil provided as follows:

"The property mentioned in the third clause of my will, and the property hereinbefore mentioned (except the aforesaid sum of one thousand dollars, bequeathed to my wife absolutely), is to form and be considered my final residuary estate. In all other respects I hereby ratify and confirm my said will, and each and every part thereof."

In a subsequent codicil to his will the testator states that:

"Whereas I have disposed of and changed some of the stocks owned by me at the time of making said last will and testament, and have purchased other stocks in place thereof: Now, therefore, I do hereby revoke and annul the third paragraph of my said last will and testament and each part thereof, and in place and stead thereof, I give and bequeath unto the Trust and Deposit Company of Onondaga, the trustee named in my said last will and testament, in trust nevertheless [describing shares of stocks], to be held in trust during the natural life of my said wife."

And further provides that:

"The property mentioned in the fourth paragraph of my said will and the property hereinbefore mentioned, the income of which is given to my wife during life, is to form and be considered my final residuary estate and is to be disposed of according to the terms, tenor and condition of my said will."

By this codicil the testator bequeathed to his wife an additional $2,000, and, after some further bequests, it is provided that:

"In all other respects I hereby ratify and confirm my said last will and testament, except as modified by said codicils thereto and this codicil. And I hereby order and direct that this codicil be annexed to and form a part of my last will and testament."

The intent of the testator that none of the legacies should lapse is manifest; all of the legacies, some 20 in number, to brothers and sisters of the whole and half blood, nephews, nieces, and cousins, are carefully guarded in this respect. Reliance is placed upon the words "this instrument," in the saving clauses, as indicating a purpose to make the saving clause applicable to the property described in the will only, and not to after acquired property, or property described in the codicils. The phrase "such legacies shall not lapse," as used in the saving clauses, is much more potent and forceful in this behalf. Not only is the rule that "a will and codicil must be taken and construed together as parts of one and the same instrument, and the dispositions of the will are not to be disturbed further than are necessary to give effect to the codicil" (Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177) applicable; but the testator in unmistakable terms evinced his purpose that the will and codicils should be read together as one instrument. The scheme of the will is not changed by the codicils. The beneficiaries are the same, with the exception that in the second codicil there is added to the saving clause of the seventh paragraph of the will giving a legacy to Charles A. Russell a provision that in case of his death, leaving no child or children or de-

scendants surviving, but leaving him surviving his wife, then in that case, the legacy is bequeathed to his wife. In the codicils, the property mentioned in the third and fourth clauses of the will, as constituting the testator's final residuary estate, is the same as in the will, except that the first codicil gives to the wife the same estate in the house and lot, the boundaries of the lot only being slightly changed; and except that in the second codicil other shares of stock are substituted in the place and stead of stocks which had been disposed of by the testator. In all other respects it is expressly provided that the will is ratified and confirmed, except as modified by the codicils, and in the last codicil the testator directs that "this codicil be annexed to and form part of my last will and testament."

We conclude that the children of Charles R. Smith are not estopped by the receipts signed by them upon the delivery of the property distributed under the decree of March 24, 1903, by which in terms they ratified and assented to the proceedings already had. With the form of each receipt to be executed a letter was sent, stating that the receipt was so drawn as to ratify the proceedings had to date, by the person to whom the letter was addressed, to make it safe for the trust company to distribute the stocks, without waiting for the lapse of a period within which an appeal could be taken from the decree. No part of the "final residuary estate" having been paid by the trust company to the widow, pursuant to that decree at the time the motion was made to open their default, the surrogate rightly held that they were not estopped by their receipts. So much of the decree of the Surrogate's Court, as directs the payment to the widow, Margaret Treadwell Smith, of one-sixth interest in and to the final residuary estate contained in the twenty-ninth paragraph of the last will and testament of the said William H. H. Smith, and also that portion of the said decree which directs that one-sixth interest of the said final residuary estate passes to the heirs at law and next of kin of the said William H. H. Smith, should be reversed.

Ordered, that the decree of the court below be modified in accordance with views herein expressed, with costs of appeal to all of the parties appearing, including the special guardian, payable out of the estate. All concur.